UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATIONAL NAVIGATION COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PHAETHON INTERNATIONAL CO., S.A.,<br><br>Defendant *in personam*,<br><br>and<br><br>THE MASTER OF THE M/V YOUNG HARMONY,<br><br>and<br><br>BLUE WATER SHIPPING, INC.,<br><br>Garnishees. | Civil Action No. _______________<br><br>IN ADMIRALTY<br><br>JUDGE: __________________<br><br>MAG. JUDGE: ________________ |

**VERIFIED COMPLAINT FOR ISSUE OF**
**WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff National Navigation Company ("NNC" or "Plaintiff") and for its Verified Complaint against Phaethon International Co., S.A. ("Phaethon") stating an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h), respectfully represents upon information and belief:

**Jurisdiction and Venue**

1. This is an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333,

and is brought under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

2. Jurisdiction is founded on and venue is proper in this Court because property of Phaethon (namely, the bunkers aboard the M/V YOUNG HARMONY and funds in the hands of Blue Water Shipping, Inc. ("Blue Water")) is, or soon will be, present within this District.

**The Parties**

3. NNC is a foreign corporation with its principal place of business in Heliopolis, Egypt. At all relevant times, NNC was the owner of the M/V ESNA (the "Vessel").

4. Phaethon is a foreign corporation with its principal places of business in Odessa, Ukraine. At all relevant times, Phaethon was the charterer of the Vessel.

5. The Master of the M/V YOUNG HARMONY is in control of the M/V YOUNG HARMONY which is, on information and belief, under charter to Phaethon and has aboard property of Phaethon – namely, bunkers.

6. Blue Water is, on information and belief, the local shipping agent for Phaethon and/or the M/V YOUNG HARMONY and has in its possession property of Phaethon.

**COUNT I – *Quasi In Rem* Against Phaethon (Rule B)**

7. Plaintiff repeats the foregoing paragraphs.

8. NNC and Phaethon are counterparties to two (2) time charter party agreements (the "First Time Charter" and the "Second Time Charter") pursuant to which NNC agreed to charter the Vessel to Phaethon.

***Bunker Claim Under First Time Charter***

9. Pursuant to the First Time Charter, Phaethon was obligated to pay for all bunker provisions to the Vessel while she was under charter.

10. Notwithstanding this contractual obligation, Phaethon failed to pay for a provision of bunkers to the Vessel on or about October 15, 2014 arising out of an order placed by Phaethon with O.W. Bunker Germany GmbH.

11. As a result of Phaethon's failure to pay (which was a breach of the First Time Charter), the Vessel was arrested by ING Bank N.V. (to which the accounts receivables of O.W. Bunker Germany GmbH and other members of the O.W. group of companies were allegedly assigned) in India on or about December 18, 2015.

12. Following NNC's repeated demands, Phaethon ultimately posted security to ensure release of the Vessel from arrest on or about December 31, 2015.

13. The arrest (which was caused by Phaethon's breach of the First Time Charter resulting from its failure to pay for the bunkers it ordered) caused significant damages to NNC.

14. First, the arrest resulted in several days of unemployment for the Vessel.

15. Second, the arrest caused significant delay in the Vessel's return to dry dock in China, where, because of the Chinese New Year, repairs were further delayed.

16. Third, the arrest required NNC to expend significant sums to obtain legal advice and monitor the Indian proceedings.

17. As a result of the arrest, NNC suffered damages of at least USD 205,324.87.

***Cargo Operations Claim Under First Time Charter***

18. Additionally, the First Time Charter required that Phaethon submit to the Master's discretion on matters of vessel safety, including during loading / unloading operations.

19. During loading operations at Mobile, Alabama on or about October 16, 2014, the local stevedores (for whom Phaethon was responsible pursuant to the First Time Charter) improperly loaded cargo aboard the Vessel, over the objection of the Master, such that the cargo

was trimmed unevenly, the Vessel's physical structure was unnecessarily subjected to stress, and the Vessel's load lines were submerged.

20. Upon the Master's orders, loading was then suspended.

21. A U.S. Coast Guard examination was subsequently undertaken, upon which the U.S. Coast Guard issued a deficiency report because the Vessel's load lines were submerged.

22. To correct the deficiency and resume loading operations, the loaded cargo had to be re-trimmed using a floating crane and several bulldozers.

23. Nearly 11 hours later, the cargo re-trimming operations were completed, loading operations recommenced, and the deficiency was subsequently cleared by the U.S. Coast Guard.

24. Phaethon incurred substantial charges as a result of the improperly loaded cargo, the subsequent re-trimming operation, and the U.S. Coast Guard inspection.

25. Under the terms of the First Time Charter, these charges were solely for Phaethon's account and were not to be deducted from the charter hire owed to NNC.

26. In breach of its contractual obligations, Phaethon nevertheless improperly deducted USD 90,939.48 from the owed charter hire.

***Hire Deduction Claim Under Second Time Charter***

27. While the Vessel was under charter to Phaethon pursuant to the Second Time Charter and en route to China from Paranagua, Brazil, she encountered heavy weather.

28. The Master determined that, in order to effect safe prosecution of the voyage, an unscheduled bunker provision was needed and ordered that the Vessel deviate to Port Louis, Mauritius to take on further bunkers.

29. The required deviation increased the length of time of the voyage and ultimately the total amount of hire due from Phaethon to NNC under the Second Time Charter.

30. In breach of its obligations under the Second Time Charter, Phaethon nevertheless deducted USD 104,965.33 from the hire it otherwise owed NNC.

31. Phaethon's breach of the Second Time Charter has caused NNC damages of at least USD 104,965.33.

32. Phaethon's two breaches of the First Time Charter and its breach of the Second Time Charter have collectively caused NNC damages of at least USD 401,229.68.

WHEREFORE, NNC prays that in response to this Count I, this Court

A. Issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Phaethon's tangible or intangible property or any other funds held by the garnishees on behalf of Phaethon, up to the amount of at least the amount demanded herein to secure NNC's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below; and

B. Enter judgment for NNC and against Phaethon in the amount of at least USD 401,229.68, plus costs, plus reasonable attorneys' fees, and any other further relief this Court deems proper.

Dated: November 17, 2016.

OF COUNSEL
J. Stephen Simms
Marios J. Monopolis
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: (410) 783-5795
Fax: (410) 510-1789
Email: jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

*/s/ C. Gordon Starling, Jr.*
C. GORDON STARLING, JR. (#12408)
The Law Office of Gordon Starling, LLC
601 Poydras Street, Suite 1660
New Orleans, LA 70130-6029
Tel: (504) 525-2141
Email: gstarling@starling-law.com

Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT

I, G. Beauregard Gelpi, am an attorney with the law firm of Wagner, Bagot & Rayer, LLP, and am counsel to Plaintiff. I verify under solemn affirmation that the facts alleged in the foregoing Verified Complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. The reason I make this declaration is that Plaintiff is a foreign corporation with no officers or directors within this District.

I further verify that Defendant, Phaethon International Co., S.A., cannot be found within this District within the meaning of Supplemental Rule B. I state that on behalf of plaintiff, an electronic records search for defendant HSL was completed in the records of the Louisiana Secretary of State, finding no resident agent or corporate registration for defendant HSL in Louisiana, that according to Directory Assistance there is no telephone listing for defendant within this District, and that further an on-line search using Google has shown no presence of the defendant in this District.

To the best of my information and belief, based upon this investigation, the Defendant cannot be found within the Eastern District of Louisiana for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2016.

G. BEAUREGARD GELPI